UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JANET SILVER                  JURY TRIAL DEMANDED

v.                                      CASE NO. 3:09CV

LAW OFFICES HOWARD LEE SCHIFF, P.C.

## **COMPLAINT**

1. This is an action for damages, costs and attorney's fees seeking relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

2. This Court has jurisdiction. 15 U.S.C. §1692k; 28 U.S.C. §1331.

3. Plaintiff is an individual who resides in Connecticut.

4. Plaintiff is a consumer within the meaning of the FDCPA.

5. Defendant is a law firm in the practice of consumer debt collection.

6. Defendant engaged in efforts to collect from plaintiff personal credit accounts in the name of Discover Bank and RAB Performance Recoveries

7. On May 28, 2009, defendant was notified that plaintiff was represented by counsel as to both matters. Thereafter, defendant's Mike Coleman communicated directly with plaintiff.

8. Defendant first denied receiving plaintiff's December checks (or misapplied them to another's account), then, as of December 30, 2008, defendant retroactively credited one of the payments to the RAB account even though it was designated for the Discover account. Even after being alerted to the misapplication, defendant had not corrected the misapplication as of June 10, 2009.

9. Defendant has a regular pattern and practice of executing on exempt funds, and did so in this case on 4/30/08 (Discover) and on 3/26/09 (RAB). Defendant is aware

that the first $1,000 in a bank account is exempt, but does not take reasonable steps to prevent the taking of the exempt amount or return the funds once it ascertains that the bank account contains less than $1,000.

10. Upon being alerted to the exempt character of the funds in this case, defendant did not return them to plaintiff.

11. Defendant sent letters to plaintiff dated March 5, 2009, and May 13, 2009, which overstated the amount due.

12. Defendant told plaintiff that it would take 25% of her wages without knowing whether that maximum amount could be attached, and without advising plaintiff of the procedure whereby defendant normally agrees to modify an execution to a lesser figure.

13. In the course of the collection, defendant violated §1692d. -e, or -f(1).

14. Defendant violated the FDCPA as evidenced by the following conduct:

(a) Using false, deceptive and misleading representations or means in connection with the collection of an alleged debt;

(b) Falsely representing the character, amount or legal status of an alleged debt;

(c) Using unfair means to collect or attempt to collect an alleged debt.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k;

(b) That the Court award costs and reasonable attorneys' fees,

pursuant to 15 U.S.C. § 1692k(a)(3); and,

    (f)  That the Court grant such other and further relief as may be just and proper.

              PLAINTIFF,

            BY **/s/ Joanne S. Faulkner**
               Joanne S. Faulkner ct04137
               123 Avon Street
               New Haven, CT 06511-2422
               (203) 772-0395
               faulknerlawoffice@snet.net